## MILROS-SANS SOUCI, Inc., et al v. TAX ASSESSOR, et al.

No. 71-21740.

Circuit Court, Dade County.

October 26, 1973.

Rosenberg, Rosenberg, Reisman & Glass, Miami, for the plaintiffs.

Stuart L. Simon, County Attorney, Robert A. Ginsburg, Assistant County Attorney, for the defendants.

LEWIS B. WHITWORTH, Circuit Judge.

This cause came before the court for final hearing on October 18, 1973.

This is an ad valorem tax case involving the 1971 real property tax assessment on the Sans Souci Hotel, 3101 Collins Avenue, Miami Beach.

The issue presented for the court's determination is whether this court has subject matter jurisdiction to determine the merits of the plaintiffs' claim. This issue arises from the admitted failure of the plaintiffs to exhaust their administrative remedies by failing to file a petition for equalization and failing to appear and present this

case to the 1971 tax adjustment board. More specifically, the issue is whether a notice of increased assessment was mailed by the Dade County taxing authorities. Section 194.011(2), Florida Statutes 1971.

There is no evidence as to the actual act of mailing the plaintiffs' individual notice of increase (apart from the approximately 200,000 notices mailed at the same time).

The court makes the following findings of fact based upon the evidence presented —

(1) The ordinary course of conduct by the Dade County Tax Assessor is to mail notices of increased assessments in each instance applicable.

(2) This ordinary course of conduct was followed incident to the preparation of the 1971 real property tax roll.

(3) The plaintiffs' assessment was increased in the 1971 tax year.

(4) The name and address of each addressee is identical to the addressee information which appears on the tax bill, unless the notice card is returned. The plaintiffs' notice card was not returned.

(5) The plaintiffs received their 1971 tax bill.

(6) The tax assessor's notice cards are each imprinted with first class postage.

There is a general presumption that the ordinary course of conduct was followed in a particular case, absent a contrary showing. The plaintiffs have not established that the tax assessor's procedure for the notification of increased assessments was not followed in the instant case. Mail properly addressed, stamped, and mailed is presumed received by the addressee, and proof of general office practice satisfies the requirements of showing due mailing. Therefore, the court finds in accordance with the general presumption that the taxing authorities did properly notify the plaintiffs of the increased 1971 real property tax assessment.

The court finds, therefore, that the failure of the plaintiffs to file a petition for equalization and to appear and present their case to the 1971 tax adjustment board deprives this court of subject matter jurisdiction because the plaintiffs have not exhausted their adminisrative remedies. Dickinson v. Davis, Fla. 1969, 224 So.2d 262; Marx v. Welch, Fla. App. 1965, 178 So.2d 737.

It is accordingly ordered and adjudged — (1) The 1971 real property ad valorem tax assessment on the subject property is not disturbed. (2) The plaintiffs' complaint is dismissed. (3) The

temporary injunction entered herein on March 9, 1972, is dissolved. (4) The plaintiffs shall have fifteen days from the date of this final judgment to pay the balance of their 1971 real property taxes, together with such interest and penalties as are provided by law, to the Dade County Tax Collector. (5) The defendants shall recover costs, to be determined at a later date, from the plaintiffs. (6) This court shall retain jurisdiction of this cause for the purpose of enforcing the provisions of this final judgment.